1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Laila Thompson, Esq. (SBN: 225882)
laila@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for VICTORIA TAPSCOTT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTORIA TAPSCOTT<br><br>                    Plaintiff,<br><br>v.<br><br>ABSOLUTE COLLECTIONS<br>CORP, and Does 1 to 25, inclusive<br><br>                    Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
Consumer Protection Attorneys

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. VICTORIA TAPSCOTT, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of ABSOLUTE COLLECTIONS CORP, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to general state jurisdiction.

9.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10.   Plaintiff is a natural person who resides in the City of Culver City, County of Los Angeles, State of California.

11.   Plaintiff resides in Los Angeles County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12.   At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Plaintiff received a phone call from Defendant, Plaintiff was physically located in the City of Culver City, County of Los Angeles, State of California.

13.   Because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14.   At all times relevant, Defendant conducted business within the State of California.

## PARTIES

15.   Plaintiff is a natural person and resident of the State of California.

16.   Defendant is located in the State of California.

17.   Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.   Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

20. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

22. The true names and capacities of DOES 1 through 25 are currently unknown to Plaintiff who alleges that DOES 1 through 25 are responsible in some manner for the injuries sustained by Plaintiff as hereinafter alleged.  Plaintiff requests leave to file amendments to this Complaint alleging the true names and capacities of DOES 1 through 25 when these names and capacities have been ascertained.

**FACTUAL ALLEGATIONS**

23. Sometime before November 27, 2013, Plaintiff is alleged to have incurred certain financial obligations.

24. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil

Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26. Sometime thereafter, but before November 27, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

27. Subsequently, but before November 27, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

28. On or about November 27, 2013, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

29. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

30. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

31. On or about November 27, 2013, Defendant left the following message on Plaintiff's cell phone, "My name is Mr. Ley and I am calling for Victoria Tapscott. Victoria please return the call (877) 771-3323, my extension is 415. Return the call to Mr. Ley. Thank you."

32. Defendant violated 15 U.S.C. § 1692d(6) when its employee failed to meaningfully disclose the caller's identity when placing the telephone call, including identifying his employer as well as the nature of the call or the capacity in which he was calling. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

HYDE & SWIGART
Consumer Protection Attorneys

33.   15 U.S.C. § 1692d(6) requires debt collectors to meaningfully disclose the caller's identity when placing a telephone call, including identifying their employer as well as the nature of the call or the capacity in which they are calling.

34.   On or about December 3, 2013, Defendant left a second voice mail message on Plaintiff's cell phone, "My name is Mr. Ley and I am calling for Victoria Tapscott. Victoria please return the call to my office the telephone number here is (877) 771-3325. My extension is 415. Please return the call. Thank you."

35.   Defendant violated 15 U.S.C. § 1692d(6) when its employee failed to meaningfully disclose the caller's identity when placing the telephone call, including identifying his employer as well as the nature of the call or the capacity in which he was calling.

36.   Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

37.   On or about January 2 2014, Defendant left a third voice mail message on Plaintiff's cell phone, "My name is Mr. Ley and I am calling for Victoria Tapscott. Victoria would you return the call to Mr. Ley's office (877) 771-3325, extension 415. Return the call to Mr. Ley. Thank you."

38.   Defendant violated 15 U.S.C. § 1692d(6) when its employee failed to meaningfully disclose the caller's identity when placing the telephone call, including identifying his employer as well as the nature of the call or the capacity in which he was calling.

39.   Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal

HYDE & SWIGART
Consumer Protection Attorneys

1  Fair Debt Collection Practices Act, through California Civil Code § 1788.17,
2  this conduct or omission violated Cal. Civ. Code § 1788.17.

3  40.  In Plaintiff's outgoing message she identifies herself as "Tori".

4  41.  On or about February 20, 2014, Defendant left a fourth voice mail message on
5  Plaintiff's cell phone, "My name is Mr. Ley, I'm calling for Tori Tapscott.
6  Tori please return the call to my office.  The telephone number here is (877)
7  771-3323, extension 415. Return the call to Mr. Ley. Thank you."

8  42.  Defendant violated 15 U.S.C. § 1692d(6) when its employee failed to
9  meaningfully disclose the caller's identity when placing the telephone call,
10  including identifying his employer as well as the nature of the call or the
11  capacity in which he was calling.

12  43.  Because this violated certain portions of the federal Fair Debt Collection
13  Practices Act as these portions are incorporated by reference in the Rosenthal
14  Fair Debt Collection Practices Act, through California Civil Code § 1788.17,
15  this conduct or omission violated Cal. Civ. Code § 1788.17.

16  **CAUSES OF ACTION**

17  **COUNT I**

18  **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

19  **15 U.S.C. §§ 1692 ET SEQ.**

20  44.  Plaintiff repeats, re-alleges, and incorporates by reference, all other
21  paragraphs.

22  45.  The foregoing acts and omissions constitute numerous and multiple violations
23  of the FDCPA, including but not limited to each and every one of the above-
24  cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25  46.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to
26  any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in
27  an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

28

1   reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from
2   Defendant.

3                                        COUNT II

4   ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

5                         CAL. CIV. CODE §§ 1788-1788.32

6   47.   Plaintiff repeats, re-alleges, and incorporates by reference, all other
7         paragraphs.

8   48.   The foregoing acts and omissions constitute numerous and multiple violations
9         of the Rosenthal Act, including but not limited to each and every one of the
10        above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

11  49.   As a result of each and every violation of the Rosenthal Act, Plaintiff is
12        entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);
13        statutory damages for a knowing or willful violation in the amount up to
14        $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's
15        fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

16                                  PRAYER FOR RELIEF

17  WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and
18  Plaintiff be awarded damages from Defendant, as follows:

19        •     An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §
20              1692k(a)(2)(A);

21        •     An award of costs of litigation and reasonable attorney's fees, pursuant
22              to 15 U.S.C. § 1692k(a)(3);

23        •     An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code
24              § 1788.30(b);

25  ///

26  ///

27  ///

28  ///

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

Respectfully submitted,

**Hyde & Swigart**

Date: May 8, 2014                    By:  s/Laila Thompson
                                     Laila Thompson
                                     Attorneys for Plaintiff

50.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**Hyde & Swigart**

Date: May 8, 2014                    By:  s/Laila Thompson
                                     Laila Thompson
                                     Attorneys for Plaintiff